UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE MANUEL CAZARES,   Case No.:

                Plaintiff,   **COMPLAINT WITH**
-vs.-   **JURY DEMAND**

BEETY MARKET INC. and AHMED IBRAHIM,

                Defendants.
------------------------------------------------------------------------X

Plaintiff, JOSE MANUEL CAZARES (hereinafter "Plaintiff") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against G BEETY MARKET INC. (the "Company" or "Beety Market") and AHMED IBRAHIM ("Ibrahim") (together as "Defendants"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iv) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (v) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (vi) the requirement that employers pay spread of hour

1

premiums under NYCCRR tit. 12 § 146 et seq. and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.   Plaintiff worked for Defendants - - a food market and its owner - from August 10, 2022 through on or about November 13, 2022.  Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, well over 40 hours per week.  However, Defendants failed to pay Plaintiff at the New York State minimum wage or overtime of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.  Finally, Defendants failed to pay Plaintiff spread of hours as required under NYLL.

## JURISDICTION AND VENUE

5.   Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7.   At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times herein, Beety Market was and is a domestic business corporation with its principal place of business located at 25-22 Steinway Street, Astoria, NY 11103.

9. Upon information and belief, Defendant Ibrahim is an individual whose principal place of business located at 25-22 Steinway Street, Astoria, NY 11103.

10. At all relevant times herein, Defendant Ibrahim has been a principal, officer, and or manager of Beety Market.

11. Defendant Ibrahim is the Chief Executive Officer of the Company.

12. Prior to the filing of this action, Defendant Ibrahim was served with a notice pursuant to N.Y. Bus. Corp. Law § 609.

13. By operation of law, pursuant to the notices above, Defendant Ibrahim is personally liable for unpaid wages to the Plaintiff.

14. At all relevant times herein, Defendants were each an "employer" within the meaning of the FLSA, NYLL, and the NYCCRR.

15. Upon information and belief, for the calendar year 2020 the gross receipts of the Company were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2021 the gross receipts of the Company were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2022 the gross receipts of the Company were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2023 the gross receipts of the Company will not be less than $500,000.00.

19. The Company was engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects it to the FLSA's overtime wage requirements as an enterprise. Upon information and belief, these supplies include, but are not limited to, various meats and vegetables, rice, oil, forks, knives, plastic containers, and cleaning supplies.

20. Defendants' employees, including Plaintiff, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subject Defendants to the wage requirements of the FLSA with respect to Plaintiff.

21. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, meats, rice, vegetables, forks, knives, plates, trash bags, mops and brooms.

## BACKGROUND FACTS

22. Defendants own and operate a food market in Queens, New York.

23. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

24. Mr. Ibrahim has had undisputed authority and final say in all matters concerning the Company and all its employees, including but not limited to hiring and firing practices, promotions and compensation, supervising, maintaining employment records, and the day-to-day activities at the Company.

25. Defendant Ibrahim hired Plaintiff and set his compensation, possessed and wielded this authority over Plaintiff throughout his entire employment.

26. Defendant Ibrahim set Plaintiff's schedule and told him what job duties to complete and in what order to complete them.

27. Defendant Ibrahim paid Plaintiff his wages in cash every week.

28. Throughout his employment, Plaintiff's job included but was not limited to, preparing food, grill man, dishwasher, mopping, sweeping, organizing, stocking, cleaning the sidewalk and taking out the trash.

29. Throughout his employment, Defendants required plaintiff to work-and he did in fact work-Monday through Sunday from 12:00PM until 12:00AM.

30. Throughout his entire employment, Plaintiff worked seven days per week for a total of 84 hours.

31. Throughout his employment, Defendants paid Plaintiff $10.00 per work hour.

32. Throughout his employment, Defendants paid Plaintiff in cash.

33. Throughout his employment, Defendants paid Plaintiff straight time for all hours worked, below minimum wage including those over forty which should have been paid as overtime.

34. Throughout his entire employment, Defendants failed to compensate Plaintiff with the applicable minimum wage, as required under the NYLL.

35. Plaintiff did not receive an extra hour at the prevailing minimum wage when his daily spread of hours/split shift exceeded ten hours.

36. Plaintiff worked more than forty hours in all workweeks in which Defendant employed him. For example, during the week of October 2, 2022, Plaintiff worked more than forty hours and Defendants failed to pay him at 1.5 times the New York State minimum wage rate.

37. Throughout his entire employment, Defendants paid Plaintiff, on a weekly basis, without providing him with wage statements that properly reflected the amount of hours that he actually worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

38. Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendant; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

39. Upon information and belief, Defendants' failure to provide accurate wage statements and wage notices has prevented Plaintiff from realizing he as being underpaid and from taking appropriate action to obtain the payments due to him.

40. Despite Plaintiff's repeated complaints about Defendants paying him improperly (i.e., not paying him overtime or other compensation due to him), Defendants willfully failed to pay him properly. Indeed, they acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

41. Every hour that Plaintiff worked was for Defendant's benefit. Despite complaining about not being paid properly, Defendants continued violating his rights and the FLSA and NYLL.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

42. Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

43. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times his regular rate of pay for all hours worked over forty (40) in a given workweek.

44. As described above, Defendants were each an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

45. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate him in accordance with the FLSA's overtime provisions.

46. The Defendants willfully violated the FLSA.

47. As such, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

48. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

49. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the NYLL*

50. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. At all times herein pertinent, the Plaintiff was an employee of Defendant within the meaning of the New York Labor Law.

52. Defendants are each an employer of the Plaintiff within the meaning of the New York Labor Law.

53. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

54. Defendants have failed to pay the Plaintiff the proper minimum wages to which they were entitled under the New York Labor Law.

55. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

56. Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Unpaid Overtime under the NYLL*

57. Plaintiff action hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

59. As described above, Defendants were each an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

60. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate him in accordance with the NYLL's overtime provisions.

61. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

62. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

64. As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

65. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff for each workweek after the violation occurred, up to the statutory cap of $2,500.

66. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

67. Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69. Defendants are each an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

70. Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Spread of Hours*

73. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 146-1.6, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

75. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## DEMAND FOR A JURY TRIAL

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

d. All damages that Plaintiff have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

  e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  f. Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  g. Pre-judgment and post-judgment interest, as provided by law; and

  h. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
January 17, 2023

            Respectfully submitted,
            LAW OFFICES OF WILLIAM CAFARO

            *[signature]*

            _____
            Amit Kumar (AK 0822)
            *Attorneys for Plaintiff*
            108 West 39th Street, Suite 602
            New York, New York 10018
            (212) 583-7400
            akumar@Cafaroesq.com