UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOSE MANUEL CAZARES,      :
             :   REPORT AND
         Plaintiff, :   RECOMMENDATION
             :
   -against-      :   23-CV-320 (RPK) (PK)
             :
BEETY MARKET INC. and AHMED  :
IBRAHIM,         :
             :
        Defendants. x
-------------------------------------------------------------

**Peggy Kuo, United States Magistrate Judge:**

   Jose Manuel Cazares ("Plaintiff") brought this action against Beety Market Inc. ("Beety Market"), and Ahmed Ibrahim ("Ibrahim," together with Beety Market, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* (*See* Compl., Dkt. 1.) Plaintiff moved for default judgment against Defendants. ("Motion," Dkt. 11.)

   The Honorable Rachel P. Kovner referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

**I.  Factual Background**

   The following allegations in the Complaint, the Declaration of Amit Kumar, Esq. ("Kumar Decl.," Dkt. 11-2), and the Affidavit of Jose Manuel Cazares ("Cazares Aff.," Dkt. 11-8) are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all of [Plaintiff's] factual allegations as true and draw all reasonable inferences in its favor") (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also DMKA LLC v. Chanlder W T LLC*, No. 23-CV-3296 (BMC), 2024 WL 406549, at

*1 (E.D.N.Y. Feb. 2, 2024) ("Presuming the factual allegations of the complaint and the affidavit in support of the motion for a default judgment to be true as to liability").

### A.    Defendants

Beety Market is a domestic business corporation operating as a food market in Queens, New York.  (Compl. ¶¶ 8, 22.)  Beety Market is a business or enterprise engaged in interstate commerce earning gross annual sales over $500,000.00.  (Compl. ¶¶ 15-19.)

Ibrahim is the owner and Chief Executive Officer of Beety Market.  (Compl. ¶¶ 10-11.)  He has "authority and final say" concerning Beety Market and its employees, including hiring and firing employees, supervising employees' work schedules, setting wages, and maintaining employment records.  (Compl. ¶ 24.)

### B.    Plaintiff's Allegations

Plaintiff worked at Beety Market from August 10, 2022 through November 13, 2022.  (Compl. ¶ 2.)  His responsibilities included "preparing food, grill[ing], dishwash[ing], mopping, sweeping, organizing, stocking, cleaning the sidewalk and taking out the trash."  (Compl. ¶ 28.)

Throughout Plaintiff's employment, Defendants required him to work Monday through Sunday from 12:00 P.M. to 12:00 A.M.  (Compl. ¶ 29.)  Defendants paid Plaintiff at an hourly rate of $10.00 for all hours worked.  (Compl. ¶¶ 31, 33, 36; *see* Cazares Aff. ¶ 17.)  Plaintiff asked about being paid overtime wages, to which Ibrahim responded that Beety Market "does not pay overtime." (Cazares Aff. ¶ 19.)  Defendants also never provided Plaintiff an extra hour of pay at the New York State minimum wage for the days he worked over ten hours.  (Compl. ¶ 35; Cazares Aff. 18.)  Plaintiff repeatedly complained to Defendants about improper pay, but Defendants continued their practices. (Compl. ¶¶ 40-41.)

Defendants never provided Plaintiff with a wage notice detailing, *inter alia*, his rate of pay and basis thereof and the pay schedule.  (Compl. ¶ 38.)  Ibrahim paid Plaintiff in cash every week and

never provided Plaintiff with wage statements detailing Plaintiff's actual work hours, his regular rate of pay, or his overtime rate of pay. (Compl. ¶¶ 32, 37.)

## II.     Relevant Procedural Background

Plaintiff filed the Complaint on January 17, 2023, alleging that Defendants failed to pay him overtime wages under the FLSA (Compl. ¶¶ 42-49), failed to pay him minimum and overtime wages in violation of NYLL §§ 650 *et seq.* (*id.* ¶¶ 50-61), failed to furnish him wage statements and a wage notice in violation of NYLL § 195 (*id.* ¶¶ 62-72), and failed to pay him spread of hours wages in violation of Article 6 and 19 of NYLL §§ 650 *et seq.*, more specifically the supporting New York State Department of Labor Regulations N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 146-1.6. (*id.* ¶¶ 73-76.)

Plaintiff served the Summons and Complaint on Beety Market on January 23, 2023 and on Ibrahim on January 25, 2023. (Dkts. 6, 7.) Defendant did not answer or otherwise respond to the Complaint.

On February 16, 2023, Plaintiff requested a Certificate of Default against Defendants (Dkt. 8), which the Clerk entered on February 21, 2023. (Dkt. 9.) Plaintiff filed the Motion on May 1, 2023. (Motion.)

## DISCUSSION

## I.     Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y.

2010). The plaintiff must demonstrate proper service of the summons and complaint. *See Advanced Capital Commercial Group, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). The court must assure itself that it has subject matter jurisdiction and may also examine whether it has personal jurisdiction over the defendant. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011). And the plaintiff must establish compliance with the procedural requirements of Local Civ. Rules 7.1 and 55.2.

The court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

District courts may also, in their discretion, hold a hearing to assess the amount of damages that should be awarded on a default. *See* Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). However, "it is not necessary for a District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (cleaned up). The court may do so by relying on affidavits and other documentary evidence. *See, e.g.*, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had

'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record").

In the context of a motion for default judgment on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) ("[I]n the absence of rebuttal by defendants, or where the employer has defaulted, as here, the employee's recollection and estimates of hours worked are presumed to be correct" (cleaned up)).

A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

## II.    Jurisdiction

### A.    Subject Matter Jurisdiction

The Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B.    Service on Defendants

Plaintiff served Beety Market by delivering and leaving a copy of the Summons and Complaint with the New York Secretary of State.  (Dkt. 6.)  This constitutes proper service.  *See* N.Y. Bus. Corp. L. § 306(b)(1); Fed R. Civ. P. 4(h)(1)(B).

Plaintiff also properly served Ibrahim by delivering a copy of the Summons and Complaint to a person of suitable age at Ibrahim's actual place of business and mailing a copy to his business. (Dkt. 7); *see* N.Y. C.P.L.R. § 308(2); Fed. R. Civ. P. 4(e).

### C.    Personal Jurisdiction

"[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject

to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)).

New York has general jurisdiction over corporations formed under its laws and operating within the state. *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018). Because Beety Market is a New York corporation and was properly served with the Summons and Complaint, the Court has personal jurisdiction over it.

New York has specific jurisdiction over individuals who "transact[] any business within the state" so long as "the cause of action arises from that transaction." *Francis*, 2018 WL 4292171 at *3 (quoting *Licci ex rel. Licci*, 673 F.3d at 60). Ibrahim owned and operated Beety Market and supervised Plaintiff in New York. (Compl. ¶¶ 22, 24-27.) The Court, therefore, also has personal jurisdiction over Ibrahim.

## III.    Procedural Compliance with Local Civil Rules 7.1 and 55.2

As part of the Motion and in compliance with the Local Civil Rules, Plaintiff included a Notice of Motion (Dkt. 11); a memorandum of law ("Mem. of Law," Dkt. 11-1); a copy of the Clerk's Certificate of Default (Dkt. 11-7); a copy of the Complaint (Dkt. 11-4); proof of service of the Complaint (Dkts. 11-5, 11-6); a proposed judgment (Dkt. 11-10); and proof of mailing the Motion and the aforementioned papers to Beety Market at its last known business address and to Ibrahim at his last known residence (Dkt. 11-11; *see* Kumar Decl. ¶ 26). *See* Local Civil Rules 7.1 and 55.2. Plaintiff submitted the affirmation of his attorney Amit Kumar, who affirmed that Ibrahim is not an infant, in the military, or an incompetent person (Dkt. 8-1 ¶ 6). *See* Local Civil Rule 55.1(b)(1). Thus, compliance with the Local Civil Rules is satisfied.

IV.    **Liability Under the FLSA and NYLL**

A.    *Statute of Limitations*

The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' and the three-year statute of limitations applies." *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR), 2010 WL 2927398 (E.D.N.Y. June 24, 2010)). "The statute of limitations starts to run when the employee begins to work for the employer." *Id.* (citation omitted). Under the NYLL, the statute of limitations is six years. *See* NYLL §§ 198(3), 663(3).

Plaintiff commenced this action on January 17, 2023. Because Defendants have defaulted, the violations are willful and the three-year FLSA statute of limitations applies. Plaintiff can recover under the FLSA for any claims that accrued starting on January 17, 2020. Under the six-year NYLL statute of limitations, Plaintiff may recover for any claims that accrued starting on January 17, 2017. Plaintiff, who began working for Defendants on August 10, 2022, and, therefore, has alleged claims that fall fully within the statute of limitations.

B.    *Employment Relationship Under the FLSA*

The FLSA is to be "construed . . . liberally" because its "broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (internal quotation marks and citations omitted). To plead a cause of action under the FLSA, a plaintiff must establish that: (1) defendants are employers subject to the FLSA; (2) plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted

from the FLSA. *See Rowe v. CC Rest. & Bakery, Inc.*, No. 17-cv-01423 (CBA)(PK), 2019 WL 4395158, at *4 (E.D.N.Y. Aug. 15, 2019), *R&R adopted*, 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019).

### 1.   Whether Defendants are Employers

The FLSA broadly describes an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and does not define the term "'employer' in the first instance." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013). "[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Id.* at 104 (quoting *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)). "[A]n employee may be jointly employed by two or more employers," and "[i]n such cases, joint employers are subject to joint and several liability for FLSA violations." *Michalow v. E. Coast Restoration & Consulting Corp.*, No. 09-CV-5475 (SLT)(RML), 2017 WL 9400690, at *4 (E.D.N.Y. July 11, 2017), *R&R adopted*, 2018 WL 1559762 (E.D.N.Y. Mar. 31, 2018).

A defendant is an employer under the FLSA if it meets the criteria for either enterprise or individual coverage. *See Rowe*, 2019 WL 4395158, at *4. The individual coverage test considers the "employment actions of each" plaintiff to determine whether the plaintiffs "themselves are 'engaged in commerce.'" *Id.* Pursuant to the enterprise coverage test, a defendant is an employer if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and . . . has an annual gross volume of sales made or business done not less than $500,000." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (cleaned up). Commerce means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Plaintiff alleges that Beety Market has employees who handled materials moved in interstate commerce, such as meats, rice, vegetables, utensils, and cleaning supplies. (Compl. ¶¶ 20-21.) He also alleges that Beety Market consistently earned gross annual sales of over $500,000.00 each calendar year from 2020 to 2023. (Compl. ¶¶ 15-18.) Accordingly, Plaintiff has sufficiently alleged that Beety Market is an employer under the FLSA based on the enterprise coverage test.[1] *See Garlicia v. 63-68 Diner Corp.*, No. 13-CV-3689 (PKC), 2015 WL 1469279, at *2 (E.D.N.Y. Mar.30, 2015) (inferring that a diner's busboy "handle[d] goods of materials that have moved in interstate commerce"); *see also Rocha v. Bakhter Afghan Hall Kababs, Inc.*, 44 F. Supp. 3d 337, 246 (E.D.N.Y. 2014) (collecting cases).

Ibrahim is also an employer for FLSA purposes. With respect to whether an individual is an employer for FLSA purposes, "[t]he underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees . . ." *Tapia v. BLCH 3rd Ave. LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (per curiam). "[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110. The analysis of whether an individual is an "employer" is also guided by the "economic realities" test set forth in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984). *Irizarry*, 722 F.3d at 110. The factors that the Court may consider include "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). However, "[t]he 'economic

---

[1] Because I find that Plaintiff has established that Beety Market is an employer based on the enterprise coverage test, I will not determine whether Plaintiff additionally established that Beety Market is an employer based on the individual coverage test.

reality' test encompasses the totality of circumstances, no one of which is exclusive." *Irizarry*, 722 F.3d at 106 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

The FLSA "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do not diminish the significance of its existence.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir. 1982)) (alteration omitted).

Plaintiff alleges that Ibrahim had "undisputed authority and final say in all matters concerning [Beety Market] and all its employees," including hiring and firing, promotions and compensations, supervising, and maintaining employment records. (Compl. ¶ 24.) These allegations satisfy both the "control" and "economic reality" tests. Therefore, Ibrahim was Plaintiff's employer.

### 2.    Whether Plaintiff was an Employee

An "employee" under the FLSA is likewise broadly defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Plaintiff was employed by Defendants from August 10, 2022 through November 13, 2022. (Compl. ¶ 2.) Thus, Plaintiff was an employee under the FLSA.

### 3.    Whether any FLSA Exemption Applies

Finally, Plaintiff must show that he is not exempt from the FLSA's protections. *Fermin*, 93 F. Supp. 3d at 32. "Section 13 of the FLSA contains a litany of exemptions to the minimum wage requirement." *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014). For example, "bona fide 'professional' employees, a group that includes employees compensated on a salary basis at a rate of not less than $455.00 per week and whose primary duties require advance knowledge in a field of science or learning" are not covered by the FLSA. *Ghosh v. Neurological Servs. Of Queens*, No. 13-CV-1113 (ILG)(CLP), 2015 WL 431807, at *3 (E.D.N.Y. Feb.3, 2015) (quoting 29 U.S.C.

§213(a)(1)).  An employee's "exempt status depends less on his title, and more on the actual duties performed."  *McBeth v. Gabrielli Trucks Sales, Ltd.*, 768 F. Supp. 2d 383, 387 (E.D.N.Y. 2010).

As a food market worker who prepared food, grilled, washed dishes, mopped and swept the floors, organized, stocked shelves, cleaned the sidewalk, and took out the trash (Compl. ¶ 28), Plaintiff is not exempt from the FLSA's protection.  *See Perez Campos v. Quentin Mkr. Corp.*, No.16-CV-05303, 2018 WL 9945754 (E.D.N.Y. Oct. 17, 2018) (finding a "deli worker" is not exempt from the FLSA requirements); *see also Fermin*, 93 F. Supp. 3d at 32 (explaining that jobs such as "waiter, kitchen helper/food preparer, cook and dishwasher all constitute non-exempt employment under the FLSA").

### C.    Employment Relationship Under the NYLL

To prevail on an NYLL claim, Plaintiff must establish that his employment relationship with Defendants falls within the NYLL, which applies to "any person employed for hire by an employer in any employment."  NYLL § 190.  "Unlike the FLSA, the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law."  *Garcia v. Badyna*, No. 13-CV-4021 (RRM)(CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Otherwise, the NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors.  *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status).

As the NYLL and FLSA definitions of "employer" are coextensive, *see Fermin*, 93 F. Supp. 3d at 37, Defendants are Plaintiff's employers within the meaning of the NYLL, and the NYLL applies to the instant dispute.

### D.    Minimum Wage Claim Under the NYLL

Under the NYLL, employees must be paid at least the minimum hourly wage for each hour

that they work.  29 U.S.C. § 206; NYLL § 652.  "The federal minimum wage does not preempt the state minimum wage, and a plaintiff may recover under whatever statute provides the highest measure of damages." *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635 (LAK)(JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *R&R adopted*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); *see also* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter . . . ").

The New York State minimum wage for both small and large New York City businesses has been $15.00 per hour since December 31, 2019.  NYLL §652(1)(a).  Plaintiff alleges that his rate of pay from August 10, 2022 through November 13, 2022 was $10.00 per hour.  (Compl. ¶¶ 2, 31.)  This hourly rate is below the New York State minimum wage.  Plaintiff has, therefore, established Defendants' liability for failure to pay minimum wages under the NYLL.

### E.    Overtime Claims

Under both the FLSA and the NYLL, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Health Care Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)); *see also* NYLL §§ 650 *et seq.*; NYCRR. § 142-2.2).  To support "a reasonable inference" that he or she worked more than 40 hours in a given week, *Nakahata*, 723 F.3d at 201, a plaintiff must sufficiently allege some uncompensated time in excess of the 40 hours of work in a given workweek, *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013), and provide "sufficient detail about the length and frequency" of the unpaid work, *Nakahata*, 723 F.3d at 201.  *See also Fermin*, 93 F. Supp. 3d at 44-45 (finding allegations that plaintiff worked over 40 hours a week established an overtime claim).

During his employment, Plaintiff worked seven days per week from 12:00 P.M. until 12:00 A.M., with the total hours worked exceeding 40 hours for all workweeks. (Compl. ¶¶ 29, 36; Cazares Aff. ¶ 12.) Throughout Plaintiff's employment, Defendants paid him his regular rate for all hours worked but not the overtime premium for work hours exceeding 40 hours per week. (Compl. ¶¶ 33, 40; Cazares Aff. ¶ 17.) These allegations establish Defendant's liability for failure to pay Plaintiff overtime under both the FLSA and the NYLL during this period. *See Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM)(RER), 2021 WL 2401176, at *7 (E.D.N.Y. June 11, 2021) (plaintiff's sworn statement estimating his schedule and pay established he worked over 40 hours a week without time-and-a-half compensation, subjecting defendants to liability on default).

### F.    Spread of Hours Claims

Plaintiff alleges a violation of the NYLL's spread of hours provision, citing NYCRR § 146-1.6, the Hospitality Wage Order, which applies only to the hospitality industry. (Compl. ¶ 74.) The "[h]ospitality industry" is defined as a "restaurant" or a "hotel," with the term "restaurant" including "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto." NYCRR § 146-3.1.

Plaintiff alleges that Beety Market is "a food market" and that Plaintiff's duties included preparing food, grilling, and washing dishes. (Compl. ¶ 28.) However, Plaintiff does not sufficiently allege facts that demonstrate that Beety Market is a restaurant as defined by the Hospitality Wage Order. *See Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-05303, 2018 WL 9945754, at *4, n.2 (E.D.N.Y. Oct. 17, 2018) (finding the "vague allegation" that a plaintiff was a "deli worker" insufficient to establish that plaintiffs were hospitality industry employees.); *see also Benitez v. Bolla Operating LI Corp.*, 137 N.Y.S.3d 371 (N.Y. App. Div. 2020) (holding that a deli worker was not covered

by the hospitality wage order).  Notwithstanding that the Hospitality Wage Order does not apply, the more generally applicable spread of hours regulation, NYCRR § 142-2.4, does and provides the same relief.[2] *Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG), 2022 WL 4586307, at *2 n.1 (E.D.N.Y. Sept. 29, 2022) ("The Court assumes that plaintiffs are relying on the more generally applicable spread-of-hours regulation, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4"); *see also Jian Cheng Liu v. Kueng Chan*, No. 18-CV-5044 (KAM)(SJB), 2020 WL 978857, at *9 n.6 (E.D.N.Y. Feb. 28, 2020) (same); *Perez Campos*, 2018 WL 9945754, at *4 n.2 (same).

Pursuant to NYCRR § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."  The spread of hours is defined as "the interval between the beginning and end of an employee's work day," including "working time plus time off for meals plus intervals off duty."  NYCRR § 142-2.18.

Plaintiff alleges that he worked 12-hour shifts each day and Defendants failed to pay him any spread of hours compensation.  (Compl. ¶¶ 29, 35, 74; Cazares Aff. ¶ 18.)  These allegations are sufficient to establish that Defendants did not comply with New York's spread of hours requirement. *See Emily Wu v. Queens Blossom Corp.*, No. 18-CV-1366 (RPK)(RER), 2021 WL 2827309, at *13 (E.D.N.Y. July 7, 2021) (uncontested testimony that plaintiffs worked more than 10 hours per day below the minimum wage and were entitled to spread-of-hours pay).

### G.    Wage Notice and Wage Statement Claims

Plaintiff alleges violations of NYLL §§ 195(1) and 195(3), the statute's wage notice and wage

---

[2] While "employees who earn more than the minimum wage rate are generally not entitled to spread-of-hours pay . . . under Section 146-1.6(d) of New York Codes, Rules and Regulations, all employees in restaurant and all-year hotels are entitled to spread-of-hours pay regardless of their regular pay rate." *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-CV-04761 (ARR)(ST), 2019 WL 4889591, at *8 (E.D.N.Y. Sept. 10, 2019), *R&R adopted*, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019) (internal quotation marks and citations omitted).  In the instant case, this difference is irrelevant as Plaintiff has alleged that he was paid below the minimum wage during the entirety of his time working for Defendants.

statement provisions.  (Compl. ¶¶ 62-72.)

Section 195(1)(a) requires employers to provide employees at the time of hiring with a wage notice containing, *inter alia,* the rate of pay, the basis thereof, and pay schedule.  Section 195(3) requires employers to provide employees with "a statement with every payment of wages," listing various information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked.

Plaintiff alleges that he did not receive any wage notice when he was hired or at any point thereafter and did not receive proper wage statements with each payment of wages.  (Compl. ¶ 38.) Therefore, Plaintiff's allegations establish liability for violations of NYLL §§ 195(1)(a) and 195(3).

## V.    Damages

### A.    *Minimum Wage Damages*

Plaintiff is entitled to recovery based on the New York State minimum wage for the entire period of his employment.  Plaintiff's minimum wage damages are calculated by taking the difference between Plaintiff's regular hourly rate of pay and the New York State minimum wage—which was $15.00 per hour throughout Plaintiff's employment with Defendants—multiplied by the total number of hours worked.  Plaintiff worked twelve hours a day every day from August 10, 2022 to November 13, 2022, a period of 96 days.[3]  Thus, he worked a total of 1,152 hours.  Because Plaintiff was underpaid $5.00 for each of those hours, Plaintiff is entitled to a total of $5,760.00 in minimum wage damages.  Accordingly, I respectfully recommend that Plaintiff be awarded **$5,760.00** in minimum wage damages under the NYLL.

---

[3] Plaintiff's minimum wage damages calculation erroneously calculates damages for 14 weeks, or 98 days. ("Damage Calculations," Dkt. 11-9; *see* Kumar Decl. ¶ 16).

### B.     Overtime Damages

Plaintiff is also entitled to an overtime premium for all hours worked over 40 at 1.5 times the greater of his regular rate of pay or the minimum wage under both the NYLL and the FLSA. *See, e.g.,* *Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-05303, 2018 WL 9945754, at \*4, \*8 (E.D.N.Y. Oct. 17, 2018).  Because Plaintiff received less than the New York State minimum wage of $15.00 throughout his employment, his overtime wages are calculated using the minimum wage of $15.00 per hour.  As set forth in the following table, Plaintiff's overtime damages are calculated by taking the difference between Plaintiff's overtime wage and the prevailing minimum wage—multiplied by the total number of overtime hours worked.[4]

| Time Period | Hours Per Week | Number of Weeks | Overtime Hours per Week | Overtime Premium (0.5 x Minimum Wage) | Weekly Overtime Underpayments (Overtime Premium x Overtime Hours per Week) | Total Overtime Underpayments (Number of Weeks x Weekly Overtime Underpayment) |
|---|---|---|---|---|---|---|
| 8/10/2022 – 11/8/2022 | 84 | 13 | 44 | $7.50 | $330.00 | $4,290.00 |
| 11/9/2022 – 11/13/2022 | 60 | 1 | 20 | $7.50 | $150.00 | $150.00 |
| | | | | | Total: | $4,440.00 |

Accordingly, I respectfully recommend that Plaintiff be awarded **$4,440.00** in unpaid overtime damages under the FLSA and NYLL.

### C.     Spread of Hours Damages

Violations of NYCRR § 142-2.4 carry damages equal to one hour of the applicable minimum wage for each day Plaintiff worked over 10 hours.  NYCRR § 142-2.4.  Plaintiff worked over 10 hours for each of the 96 days he worked for Defendants.  Because Plaintiff never received any spread of

---

[4] Plaintiff's overtime damages calculation also erroneously calculates damages for 14 weeks, or 98 days (Damages Calculations; *see* Kumar Decl. ¶ 18), rather than the 96 days Plaintiff actually worked for Defendants.

hours payments, he is entitled to $15.00 per day, a total of $1,440.00.[5]  Accordingly, I respectfully recommend that Plaintiff be awarded $1,440.00 in spread of hours damages under the NYLL.

### D.    Wage Notice and Wage Statement Damages

Violations of NYLL § 195(1) carry damages of $50.00 per workday, for a maximum of $5,000.00, along with costs and attorney's fees.  NYLL § 198(1-b).  Violations of NYLL § 195(3) carry damages of $250.00 per workday, for a maximum of $5,000.00, along with costs and attorney's fees. NYLL § 198(1-d).

Plaintiff never received a wage notice or wage statement from Defendants for his 96 days of employment from August 10, 2022 to November 13, 2022.  Therefore, Plaintiff is entitled to **$4,800.00** in wage notice damages ($50.00 per day for 96 days) and **$5,000.00** in wage statement damages, the maximum amount permitted.[6]  *See, e.g.*, *Arnoldo Lopez Vasquez v. Lahori Kebab & Grill Corp.*, No. 18-CV-2117 (JS)(SIL), 2019 WL 4396724, at *8 (E.D.N.Y. Aug. 13, 2019), *R&R adopted*, 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019) (allowing recovery of $3,850.00 where plaintiff worked for 11 weeks or 77 days); *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR)(JO), 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019) (awarding $5,000.00 under NYLL § 195(3) because the plaintiff worked without receiving paystubs for more than 20 days).

Accordingly, I respectfully recommend Plaintiff be awarded **$4,800.00** in wage notice damages under NYLL § 195(1) and **$5,000.00** in wage statement damages under NYLL § 195(3).

### E.    Liquidated Damages

Plaintiff seeks liquidated damages under both the FLSA and NYLL.  (Compl. at 12; Mem. of Law at 12-13.)  An employee may recover liquidated damages under either the FLSA or NYLL equal

---

[5] Plaintiff requests $1,470.00 spread of hours damages for 14 weeks. That calculation is incorrect because Plaintiff only alleges working for Defendants for 96 days, which is shorter than 14 weeks.  (Compl. ¶ 2; Kumar Decl. ¶ 19.)
[6] Plaintiff incorrectly requests $4,400.00 wage notice damages.  (Compl. ¶ 2; Kumar Decl. ¶ 21.)

to the amount of all unpaid wages.  29 U.S.C. § 216(b); NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim . . . in which the employee prevails, the court shall allow such employee to recover . . .  an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due").  Unpaid wages encompass underpayments from minimum wage, overtime, and spread of hours claims.  *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012) (calculating liquidated damages based on unpaid minimum wages, unpaid tip deductions, unpaid overtime, and unpaid spread of hours damages.)

If the employer shows that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA or NYLL, a court may decide not to award liquidated damages.  29 U.S.C. § 260; *see* NYLL § 198(1-a) (granting same good-faith exception to liquidated damages).  Because Defendant did not respond to the Motion, there is no showing of good faith, and liquidated damages are appropriate.  *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015) (defaulting defendants did not show good faith).

The Second Circuit has interpreted the NYLL to preclude the award of double liquidated damages—that is, liquidated damages under both the NYLL and FLSA.  *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).  Plaintiffs may, therefore, be awarded liquidated damages pursuant to the NYLL or FLSA and may elect the higher amount.  *See Charvac*, 2015 WL 5475531, at *4.  Here, liquidated damages pursuant to the NYLL are higher because they include minimum wage, overtime wage, and spread of hours damages.

Accordingly, I respectfully recommend Plaintiff be awarded **$11,640.00** in liquidated damages under the NYLL.

### F.    Prejudgment Interest

Plaintiff also seeks prejudgment interest under the NYLL.  (Compl. ¶ 76; Mem. of Law at 19-20.)  Prejudgment interest is available for all underpayments under the NYLL.  *See* NYLL § 198(1-a). *Fermin*, 93 F. Supp. 3d at 30 (calculating prejudgment interest based on unpaid minimum wages, overtime pay, spread of hours pay, and misappropriated tips).  Prejudgment interest is not available for wage statement or wage notice violations, or for liquidated damages.  *See Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020) ("Prejudgment interest is not available for violations of the wage statement or wage notice provisions . . . Nor is it available for any award of liquidated damages") (cleaned up).  A plaintiff may, however, seek prejudgment interest on any underpayment and also seek liquidated damages.  *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) ("Pre-judgment interest and liquidated damages under the Labor Law are not functional equivalents.")

In New York, prejudgment interest accrues at the statutory rate of nine percent per year.  N.Y. C.P.L.R. § 5004.  "Where [] damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b).  Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest."  *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).  "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered."  *Perez Campos*, 2018 WL 9945754, at *8 (citing *Fermin*, 93 F.Supp.3d at 49.)  Other courts have used the midpoint between the first and last dates of the plaintiff's NYLL claims.  *See, e.g.*, *Hernandez v. NJK Contractors, Inc.*, 09-CV-4812 (RER), 2015 WL 1966355, at *51 (E.D.N.Y. May 1, 2015).

As Plaintiff's minimum wage, overtime, and spread of hours claims under the NYLL cover the period from August 10, 2022 to November 13, 2022, the midpoint—for purposes of calculating

prejudgment interest of underpayments—is September 26, 2022. Plaintiff's combined minimum wage, overtime, and spread of hours damages are **$11,640.00**. Prejudgment interest on those damages at a rate of nine percent per year is **$1,047.60**. That amount divided by 365 days results in a daily interest of **$2.87**. Accordingly, I respectfully recommend that Plaintiff recover prejudgment interest at a daily rate of **$2.87** for the days from September 26, 2022 through the entry of judgment.

### G.    Post-Judgment Interest

Plaintiffs also seeks post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see, e.g.*, *Fermin*, 93 F. Supp. 3d at 53. I respectfully recommend that Plaintiff be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### H.    Fifteen Percent Increase Penalty if Damages not Paid Within Ninety Days

Plaintiff seeks an automatic increase of 15 percent for any unpaid amount of the judgment still pending after 90 days. (Mem. of Law at 16.) New York Labor Law provides that "any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4); *see also Rodriguez v. Solares Corp.,* No. 16-CV-3922 (CBA)(SMG), 2018 WL 7252949, at *12 (E.D.N.Y. Aug. 14, 2018), *R&R adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019). The increase applies only to damages awarded under state law. *See Rodriguez*, 2018 WL 7252949, at *11 (recommending that the 15 percent increase provided for under NYLL § 198(4) be limited to amounts "awarded exclusively under the NYLL"); *see also De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD), 2021 WL 2227977, at *13 (E.D.N.Y. May 11, 2021), *R&R adopted*, 2021 WL 2223275 (E.D.N.Y. June 2, 2021) (citing *Rodriguez*

and limiting conditional 15 percent enhancement to damages awarded under the NYLL). Accordingly, if Defendants fail to satisfy the judgment within the stated deadlines, Plaintiff is entitled to a 15 percent increase in the amount of damages owed to him.

## VI.    Attorneys' Fees and Costs

Prevailing plaintiffs are allowed to recover reasonable attorneys' fees and costs under both the FLSA and the NYLL. *See* 29 U.S.C. § 216(b); NYLL § 663(1).

Plaintiff seeks leave to file a motion for attorneys' fees and costs within 30 days if the Court enters default judgment against Defendants. (Mem. of Law at 19; *see* Compl. ¶ 48, 56, 61, 76.) I respectfully recommend that Plaintiff be granted leave to file a motion for attorneys' fees and costs within 30 days of the date judgment is entered.

## VII.    Joint and Several Liability

When multiple defendants are found to be a plaintiff's employer, "each [d]efendant is jointly and severally liable under the FLSA and NYLL for any damages awards made in [that] [p]laintiff['s] favor." *Fermin*, 93 F. Supp. 3d at 37; *see also Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011) (holding that plaintiffs' allegations that the individual defendant "was an owner, partner, or manager" of the corporate defendant, "coupled with Defendants' default, suffice to … impose joint and several liability on each [defendant] for their respective violations of the wage laws." (internal quotation marks and citation omitted)).

I, therefore, respectfully recommend that Defendants be held jointly and severally liable for their violations of the FLSA and NYLL.

## <u>CONCLUSION</u>

Based on the foregoing, I respectfully recommend that the Motion be granted. Specifically, I find that Defendants failed to pay Plaintiff the New York State minimum wage, failed to pay him at an overtime time rate for hours worked over 40 per week, failed to pay him spread of hours wages,

and failed to provide him with wage statements and wage notices. I respectfully recommend that Defendants be held joint and severally liable and that damages be awarded as follows:

- $5,760.00 for unpaid minimum wage under the NYLL;

- $4,440.00 for unpaid overtime premium under the FLSA and NYLL;

- $1,440.00 for spread of hours under the NYLL;

- $4,800.00 for failure to provide wage notices under the NYLL;

- $5,000.00 for failure to provide wage statements under the NYLL;

- $11,640.00 in liquidated damages on unpaid wages under the NYLL.

I further recommend that prejudgment interest be awarded at a daily rate of $2.87 for Plaintiff's underpayments from September 26, 2022 until the date of judgment. In addition, I recommend that post-judgment interest accrue thereafter until payment of the judgment amount, and that the Court impose a 15 percent increase to damages under the NYLL if damages under the NYLL are not paid within 90 days of judgment or the expiration of time to appeal.

I also recommend that Plaintiff be granted leave to file a motion for attorneys' fees and costs within 30 days of the date of judgment.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
February 16, 2024